# CURRIE v STATE OF FLORIDA
## Case No. 88-153 AC (A) 02
Fifteenth Judicial Circuit, Palm Beach County
February 2, 1990

### APPEARANCES OF COUNSEL

**Robert P. Foley, Esquire,** for appellant.

**Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellee.

Before COHEN, COLBATH, CARLISLE, JJ.

### OPINION OF THE COURT

COHEN, J.

REVERSED AND REMANDED WITH INSTRUCTIONS TO ENTER JUDGMENT OF ACQUITTAL

The appellant Michael Currie was tried by a jury in the County Court of Palm Beach County, found guilty, adjudicated guilty and sentenced for the offense of driving while under the influence in violation of Florida Statute 316.193(1)(a) and (b). We reverse and remand to the trial court with instructions to enter a judgment of acquittal.

On appeal Currie points to four major reasons for reversal of his conviction. Our opinion addresses appellant Currie's contention that his conviction cannot stand because the jury heard no evidence that he was impaired by a chemical or controlled substance as defined in F.S. 877.11 and Chapter 893 of the Florida Statutes. We need not reach the other issues argued on appeal.

The appellant argues that F.S. 877.11 and Chapter 893 of the Florida Statutes set out the list of substances that are controlled and contemplated in F.S. 316.1931(1)(a). He argues that the State convicted him by proving that he had been impaired by "some" or "any" *unnamed* drug or chemical.

The State contends that Currie's conviction should stand since there is testimony in the record that in the opinion of law enforcement officers involved in Currie's arrest that he was under the influence of *some type* of controlled substance.

The record shows that an officer testified that "diapan" was found in Currie's vehicle. The record also shows that an officer testified that *some* controlled substance was involved in the case.

First, "diapan" appears nowhere in the Florida Statutes defining controlled or chemical substances. It is questionable as to whether "diapan" is any type of drug at all. The State contends that what the officer may have meant when he stated "diapan" is "diazepan" or some other substance recognized in the pharmaceutical treatises. However, nowhere in the record is there any such testimony to support that contention. It is mere conjecture and speculation. What does appear in the record is another statement that some controlled substance was involved in the case. However, the supposed controlled substance is unnamed in the record and never produced at trial.

Even assuming a *controlled* substance may have been found somewhere, the record shows "diapan" (*not* a controlled substance) in appellant's vehicle. It is just as likely that any impairment evidenced by appellant could have resulted from "diapan" (*not* a controlled substance) as from any unnamed controlled substance. Therefore, the appellant's motion for judgment of acquittal based on insufficience of

18

this circumstantial evidence should have been granted. Also, even if there was no evidence of "diapan" in appellant's vehicle, the mere statement that a controlled substance was somewhere found would be insufficient to sustain a conviction in this case. The supposed controlled substance is unnamed and in no way connected to Currie's alleged impairment. There simply is not enough evidence in the record to support a crucial element of the crime charged.

The Florida DUI Statute does not penalize impairment by *any* drug or chemical substance. A specific list of chemical and controlled substances is referred to by Florida law. There must be some evidence of a specifically enumerated substance causing impairment. It is simply lacking in this case and if any were somehow found to exist, it is equally reasonable to believe impairment resulted from a *non-controlled* substance, to wit: "diapan" as the *record* so indicates. It is therefore

ORDERED AND ADJUDGED that appellant's judgment and sentence are hereby reversed and that this cause is remanded to the trial court with instructions to enter a judgment of acquittal.

CARLISLE, COLBATH, JJ., concur.